UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. H-20-635 |
| DARUIN ANELBY ROSARIO | § | |

## PLEA AGREEMENT

The United States of America, by and through Jennifer B. Lowery, United States Attorney for the Southern District of Texas and Luis Batarse, Assistant United States Attorney, and the Defendant, Daruin Anelby Rosario, and the Defendant's counsel, David Adler, pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1. The Defendant agrees to plead guilty to Counts One and Two of the Indictment. Count One charges the defendant with Conspiracy to Steal and Possess Stolen Mail in violation of Title 18, United States Code, Section 371, and Count Two charges the defendant with Possession of Stolen Mail in violation of Title 18, United States Code, Section 1708. The Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 371, and Title 18, United States Code, Section 1708, is imprisonment for up to five (5)

1

years and/or a fine of not more than $250,000. Additionally, the defendant may receive a term of supervised release after imprisonment of up to three (3) years for each count of conviction. Title 18, U.S.C. §§ 3559(a)(5) and 3583(b)(1). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for up to one (1) year for each count of conviction, without credit for time already served on the term of supervised release prior to such violation. Title 18, U.S.C. §§ 3559(a)(5) and 3583(e)(3).

## Mandatory Special Assessment

3. Pursuant to Title 18, U.S.C. §3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Fine and Reimbursement

4. Defendant understands that under the Sentencing Guidelines, the Court is permitted to order the Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release; if any is ordered.

5. Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and defendant will not attempt to avoid or delay payment.

6. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States,

including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank accounts, credit histories, and social security information.

## Immigration Consequences

7. The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. The defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States in the future. The defendant's attorney has advised the defendant of the potential immigration consequences resulting from the defendant's plea of guilty.

## Waiver of Appeal

8. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, U.S.C. § 3742, affords a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of this waiver.

9. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. The Defendant is also aware that any estimate of the possible sentencing

range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction, not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the Defendant will receive. Defendant further understands and agrees that the *United States Sentencing Guidelines (USSG)* are "effectively advisory" to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

10. The Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

11. The United States agrees to each of the following:

(a) At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that he receive a two (2) level downward adjustment pursuant to U.S.S.G. Section 3E1.1(a) should the Defendant accept responsibility as contemplated by the Sentencing Guidelines;

(b) If the Court determines that the Defendant ~~is~~ qualifies for an adjustment under U.S.S.G. Section 3E1.1(a), and the offense level is 16 or greater, the government will move for an additional one-level reduction under USSG Section 3E1.1(b).

### United States' Non-Waiver of Appeal

12. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office; and,

(d) to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and Title 18, U.S.C.§ 3553(a).

## Sentence Determination

13. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, U.S.C. § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

14. Defendant represents to the Court that he is satisfied that his attorney has rendered effective assistance. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

   (a) If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the Defendant, the United States, and the court all agree.

   (b) At a trial, the United States would be required to present witnesses and other evidence against the Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, the Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

   (c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

15. Defendant is pleading guilty because he *is* guilty of the charges contained in Counts One and Two of the indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish the Defendant's guilt:

On November 5, 2020, Humble Police Department (Humble PD) Officer J. Ingram observed a silver 2012 Nissan Altima (hereafter "Altima") operated by Defendant Daruin Anelby Rosario traveling on U.S. Highway 59 in Humble, Texas, a location within the Southern District of Texas. Officer Ingram observed that the temporary paper license affixed to the rear of the Altima was

flapping in the wind and unreadable. Officer Ingram observed the Defendant reaching all over the vehicle, including bending over the passenger seats. Officer Ingram initiated a stop.

After the vehicle came to a stop, Officer Ingram approached and observed a strong odor of marijuana coming from the vehicle. The Defendant stated that he was trying to hide marijuana and stated it was hidden in the middle compartment. Officer Ingram then secured the Defendant in the back of his patrol unit while he searched the Altima. Humble PD Officer J. Cox arrived on scene and assisted Officer Ingram with the search. During the search, officers discovered a backpack and a garbage bag containing large amounts of opened and unopened mail matter, including checks, letters, a passport, unopened mail-in ballots and other mail items. Officers observed that the mail was not addressed to the Defendant, but instead was addressed to numerous businesses and individuals.

On November 6, 2020, Officer Ingram and USPIS Inspector J. Taylor conducted a voluntary, mirandized interview of the Defendant. During the interview, the Defendant admitted to possession of the stolen mail matter, although he stated someone else stole the mail. He also provided written and verbal consent to search his cell phone. The Defendant's cell phone contained evidence of the sale and distribution of stolen checks and personal identifying information between March 1, 2018 and continuing through November 5, 2020. The Defendant and his network of contacts and co-conspirators stole mail matter and would sell and/or purchase personal identifying information and bank information from each other. The Defendant used his cell phone to send and receive stolen checks, personal identifying information, social security numbers, and other stolen mail matter to other individuals who would purchase or sell the information for a fee. The Defendant organized, photographed, catalogued, distributed, instructed,

and sold the contents of the mail matter, including stolen checks, social security numbers, personal identifying information to co-conspirators. The Defendant and his associates would use the routing and account information to create counterfeit checks and would pass and sell the counterfeited checks at banks, businesses and other financial institutions within the Southern District of Texas and elsewhere. The Defendant was responsible for $150,000 in losses.

The government has not included in this proffer all facts within its knowledge regarding the securities fraud counts charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the Defendant's plea to the offense set forth in the Indictment.

**Breach of Plea Agreement**

16. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and the Defendant's plea and sentence will stand. If at any time Defendant retains, conceals or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

17. Whether the Defendant has breached any provision of this plea agreement shall be determined solely by the United States through the United States Attorney's Office, whose judgment in that regard is final.

## Complete Agreement

18. This written plea agreement, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant and his counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

19. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on _March 24_, 2022.

_____
DARUIN ANELBY ROSARIO
Defendant

Subscribed and sworn to before me on _March 24_, 2022.

NATHAN OCSHNER, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

JENNIFER B. LOWERY
UNITED STATES ATTORNEY

By: _____            _____
Luis Batarse                              David Adler
Kate Suh                                  Attorney for Defendant
Assistant United States Attorneys
Southern District of Texas
Houston, Texas 77002

9

# PLEA AGREEMENT - ADDENDUM

I have fully explained to Defendant his rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> and <u>Policy Statements</u> and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____  3/24/22
Attorney for the Defendant          Date

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____  3/24/22
DEFENDANT                            Date